IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONSTANCE BRACEY and ANNIE PEARL BRACEY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:12-cv-629 ) |
| ELEANOR D. BRACEY BARBOUR, JEAN MILLS STUART, LEON SHARBER, and ADAM R. HILL, | ) Judge Campbell ) ) ) ) |
| Defendants. | ) |

## ORDER

This is a pro se action brought by plaintiffs Constance Bracey and Annie Pearl Bracey. Before the Court is plaintiff Constance Bracey's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2). An application to proceed as a pauper was not submitted by or on behalf of Annie Bracey. Because it appears from the complaint and all the exhibits filed with the complaint that Constance Bracey is the only proper plaintiff in this action, and because her submission demonstrates that she lacks sufficient funds to pay the full filing fee in advance, the application is hereby **GRANTED**.

However, pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), because the plaintiff proceeds as a pauper, the Court must conduct an initial review of the complaint, and must dismiss it sua sponte, prior to service on any defendant, if the action is frivolous or malicious, fails to state a claim up which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth in the Memorandum Opinion filed herewith, the Court finds that the complaint is subject to dismissal. First, Constance Bracey lacks standing to assert claims on behalf of Annie Bracey, and may only pursue relief for injury to her own interests. To the extent the complaint seeks relief from state court orders regarding the disposition of real property located at 844 Joseph Avenue in Nashville, Tennessee, this Court lacks jurisdiction under the Rooker-Feldman doctrine to provide such relief. To the extent the plaintiff seeks to bring claims under § 1983 for damages or injunctive relief, the plaintiff has not established that three of the named defendants are state actors who may be sued under 42 U.S.C. §

1983. The claims against those defendants are therefore subject to dismissal for failure to state a claim upon which relief may be granted. The claims against the fourth named defendant are subject to dismissal because that defendant is absolutely immune from suit under § 1983. Insofar as the complaint may be construed to set forth state-law claims, this Court lacks supplemental jurisdiction over such claims in the absence of federal claims over which the Court might exercise original jurisdiction.

Accordingly, the complaint is hereby **DISMISSED**. The claims brought under 42 U.S.C. § 1983 are **DISMISSED WITH PREJUDICE**. The state-law claims and claims seeking review of state-court actions are **DISMISSED WITHOUT PREJUDICE**. The claims brought on behalf of Annie Bracey are likewise **DISMISSED WITHOUT PREJUDICE**.

The plaintiff's motion for a temporary injunction (ECF No. 3) and motion for a hearing on the motion for a temporary injunction (ECF No. 4) are DENIED AS **MOOT**.

It is so **ORDERED**.

*Todd Campbell* (signature)
Todd Campbell
United States District Judge