**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **CONSTANCE BRACEY and** <br> **ANNIE PEARL BRACEY,** <br><br> Plaintiffs, <br><br> v. <br><br> **ELEANOR D. BRACEY BARBOUR,** <br> **JEAN MILLS STUART, LEON SHARBER,** <br> **and ADAM R. HILL,** <br><br> **Defendants.** | Case No. 3:12-cv-629 <br><br> Judge Campbell |

## ORDER

This matter was dismissed and judgment entered against the plaintiff on June 25, 2012. Now before the Court is plaintiff Constance Bracey's Motion to Reconsider (ECF No. 11), filed with a supporting Memorandum of Law (ECF No. 12). Also pending is the plaintiff's Motion for Fast and Speedy Trial. (ECF No. 13.)

The Court construes the timely motion to reconsider as a motion to alter or amend judgment under Rule 59 of the Federal Rules of Civil Procedure. *See Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990) (stating motions for reconsideration are to be construed as motions to alter or amend judgment). A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). In this case, the plaintiff clearly believes that action by this Court is required to prevent manifest injustice, but she has not shown that this Court erred in concluding that the complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 or any other federal law, and that the Court lacks jurisdiction over any state-law claims the plaintiff might have.

The motion to reconsider (ECF No. 11) is therefore **DENIED**. The remaining motion (ECF No. 13) is **DENIED AS MOOT**.

It is so **ORDERED**.

Todd Campbell
United States District Judge