IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONSTANCE BRACEY and <br> ANNIE PEARL BRACEY, <br><br> Plaintiffs, <br><br> v. <br><br> ELEANOR D. BRACEY BARBOUR, <br> JEAN MILLS STUART, LEON SHARBER, <br> and ADAM R. HILL, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:12-cv-629 <br> ) <br> ) Judge Campbell <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is *pro se* plaintiff Constance Bracey's "Application for Permission to File Notice of Appeals" (ECF No. 17). The Court construes this document as a Notice of Appeal.

Ms. Bracey was permitted to file her civil action in this Court as a pauper, without prepayment of fees or costs. However, under Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, a party who was permitted to proceed *in forma pauperis* in the district court is not entitled to pauper status on appeal, without further authorization, if the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed *in forma pauperis*, and states in writing its reasons for the certification or finding. Fed. R. App . P. 24(a)(3)(A); *see Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999). Likewise, 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* "if the trial court certifies in writing that the appeal is not taken in good faith." Where, as here, the party seeking to appeal *in forma pauperis* is not a prisoner, the court must screen the proposed appeal to determine whether it meets these standards. *Callihan*, 178 F.3d at 803.

Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure and § 1915(a)(3) establish an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Scott v. Patrick*, No. 1:06-cv-568, 2007 WL 426519, at * 1 (W.D. Mich. Feb. 2, 2007); *Smith v. Dell, Inc.*, No. 06-2496-B/V, 2007 WL 221530, at * 3 (W.D. Tenn. Jan. 24, 2007). In order to meet the good-faith standard, an appellant must show that the appeal presents a substantial question that is not frivolous. *Scott v. Patrick*, 2007 WL 426519, at * 1; *Ishaaq v.*

*Compton*, 900 F. Supp. 935, 945 (W.D. Tenn. 1995); *Oswald v. Graves*, 819 F. Supp. 680, 685 (E.D. Mich. 1993). Rule 24(a)(1) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915(a)(1) require an affidavit by plaintiff identifying the issues the party intends to present on appeal which support her belief that she is a person entitled to redress. Fed. R. App. P. 24(a)(1)(B), (C); 28 U.S .C. § 1915(a)(1). This requirement is designed to assist courts in the process of determining whether an appeal is taken in good faith. *See Callihan*, 178 F.3d at 803 ("[T]he district court must ascertain both the individual's pauper status and the merits of the appeal."). The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court. *Flippin v. Cobuyn*, 107 F. App'x 520, 521 (6th Cir. 2004).

Applying these standards, the Court concludes that the plaintiff should not be granted leave to appeal *in forma pauperis*, as her appeal would undoubtedly be frivolous. In her present motion, the plaintiff complains that the Court dismissed her complaint and denied her motion for a temporary restraining order without allowing her to put on evidence to show that the state court decision she seeks to challenge was "prejudiced." As "cause" for permission to appeal, the plaintiff avers only that the Court's decision resulted from judicial misconduct and an inappropriate personal relationship between the undersigned and the state-court judge whose decisions the plaintiff contests. The plaintiff does not articulate any legal basis for appealing this Court's dismissal of her complaint, and her claims of judicial misconduct are premised solely upon speculation. The Court denies the Plaintiffs' frivolous, fanciful, and delusional allegations of judicial misconduct.

Accordingly, the Court **CERTIFIES**, pursuant to Fed. R. App. P. 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

It is therefore **ORDERED** that plaintiff must, **within 30 days** after service of this order, pay the **$455.00** appellate filing fee in full **OR** file a motion for leave to appeal *in forma pauperis* directly with the Sixth Circuit Court of Appeals, as specified by Rule 24(a)(5) of the Federal Rules of Appellate Procedure, and thereafter obtain an order from the Court of Appeals granting her leave to proceed *in forma pauperis*. If the plaintiff chooses to file a motion for leave to appeal *in forma pauperis*, such motion should be filed at the following address: Sixth Circuit Court of Appeals, Clerk's Office, Room 540, Potter Stewart U.S. Courthouse, 100 E. Fifth Street, Cincinnati, OH 45202.

The plaintiff is forewarned that failure either to submit the full $455 filing fee or to obtain leave directly from the Sixth Circuit Court of Appeals to proceed on appeal *in forma pauperis* may result in dismissal of the appeal.

The Clerk of Court is instructed for forward a copy of this order and the plaintiff's Notice of Appeal (ECF No. 17) to the Clerk for the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

*Todd Campbell*
Todd Campbell
United States District Judge